UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES LEWIS,<br><br>      Plaintiff,<br><br>  v.<br><br>NuTEC MANUFACTURING,<br><br>      Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-6700<br>(JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

SWARTZ CULLETON P.C.
Christopher J. Culleton, Esq.
547 E. Washington Ave.
Newtown, PA 18940
    Counsel for Plaintiff

SHIMBERG AND FRIED, P.C.
Barbara E. Fiefberg, Esq.
Brian Patrick Faulk, Esq.
20 Brace Road
Cherry Hill, NJ 08034
    Counsel Defendant

**Irenas**, Senior District Judge:

    This product liability matter comes before the Court on Defendant NuTec Manufacturing's motion for summary judgment.[1] For the reasons outlined below, the motion will be granted in part and denied in part.

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

1

I.

Plaintiff Charles Lewis is an inmate of South Woods State Prison ("South Woods").  In 2011, he was selected to work in the prison's meat processing plant, where he began working on a NuTec hamburger patty maker.  Plaintiff would "dump the meat into the hopper, assist when it came down the line and then put it onto a rack and move it."  (Def.'s Stmts ¶ 8)

The NuTec machine, a model 720 food forming machine, was approximately four years old when Plaintiff began working with it.  It employed a Schmersal safety switch that prevented operation if the machine's "hood," a "hinged barrier," (Br., Ex. Q at 3) was in the upright position.[2]

The switch consists of two parts: a main body, which is affixed to the base of the machine, and a switch key, which is affixed to the hood.  When the hood is closed, the switch key inserts into the switch body, which closes an electrical circuit that enables the machine to operate.  When the cover is open, the key is disengaged from the switch body, thereby "open[ning]

---

[2] Plaintiff's expert explained:
> The hood which covers the portion of the machine where the patties are discharge [sic] on to a sheet of waxed paper serves to protect users from accessing the hazardous shear points created by moving machine parts at this location.  For safe operation the hood must be down while the machinery is in motion.

(Clauser Report at 3)

a circuit" and preventing the machine from operating. (Opp'n Br. at 2)

On September 12, 2011, Plaintiff was working on the machine when wax paper used to separate the patties began "jamming up." (Def.'s Stmts ¶ 11) A fellow inmate working with Plaintiff, Israel Nunez, stopped the machine and lifted the hood to see what was causing the jam. Plaintiff put his hand into the machine to grab the jammed paper.

Nunez, thinking that plaintiff had finished clearing the paper jam, shouted "clear" and restarted the machine. Plaintiff, who did not hear Nunez, still had his hand inside.[3] Plaintiff severely injured two fingers.

William F. Funaro, Jr., an employee of the New Jersey Department of Corrections and in charge of the meat processing plant at South Woods, inspected the machine the day after the incident and discovered a small piece of plastic wedged into the safety switch. What is unknown, contested by the parties, and dispositive of Plaintiff's case, is whether the plastic overrode a properly functioning product, or whether the switch was defectively manufactured.

---

[3] Plaintiff's expert stated that Plaintiff's "right hand was in a shear point hazard location on the machine" when the machine was restarted. (Clauser Report at 3)

Nunez testified that he regularly operated the machine with the hood open, despite knowing this was not the correct manner of operation.  Plaintiff testified that he had never seen the hood or safety switch disabled while the machine was in use.  Funaro testified that he was unaware that the inmates were operating the machine with the hood up.

## II.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting Celotex, 477 U.S. at 323).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine

whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Id.</u> at 249.

## III.

In a products liability case in which the plaintiff alleges a manufacturing defect, the plaintiff has the burden to prove "the product causing the harm was not reasonably fit, suitable or safe for its intended purpose."[4]  N.J.S.A. 2A:58C-2.  The New Jersey Supreme Court has clarified that a plaintiff, to obtain relief, must prove (i) the product was defective, (ii) the defect existed when the product left the manufacturer's control,

---

[4] Plaintiff's complaint alleges Defendant negligently "ma[de] and distribut[ed] a defectively manufactured and designed patty making machine, which had defective warnings, instructions for use, and consumer safety features."  (Compl. ¶ 10)
    Despite moving to dismiss all of Plaintiff's claims, (<u>see</u> Def.'s Notice of Mot. and Proposed Order), Defendant's brief only addresses Plaintiff's design defect claim.  (<u>See</u> Br. at 3-8)  Plaintiff, in response, argues that a genuine dispute as to a material fact exists with regards to his defective manufacturing claim.  (Opp'n Br. at 6-9)  Plaintiff does not address the design and warning claims; consequently, those claims are waived.  <u>Lane v. Sears Logistics Services, Inc.</u>, Civ. No. 11-6157, 2014 WL 1301549, at *1, n.1 (D.N.J. Mar. 31, 2014) ("Plaintiff fails to oppose Defendant's motion for summary judgment with respect to her gender discrimination and retaliation claims.  Accordingly, the Court will grant summary judgment in Defendant's favor on these claims.")

and (iii) the defect proximately caused injuries to the plaintiff, a reasonably foreseeable or intended user.  See Myrlak v. Port Authority of New York and New Jersey, 157 N.J. 84, 97 (1999).  These elements can be proven by direct and/or circumstantial evidence.[5]

Here, a genuine dispute exists as to whether the machine was defective.  Plaintiff points to the testimony of Defendant's corporate representative, Mark Shimanek, who stated that the foreign plastic object wedged into the safety lock could not have caused the machine to operate with the hood open.  (Opp'n Br., Ex. B at 34-35)  Furthermore, Plaintiff's expert, Craig D. Clauser, agreed with Shimanek and opined that "the switch was not defeated" because of the foreign object, but rather "the machine including the subject safety interlock switch malfunctioned and allowed the machine to be started with the hood open."  (Clauser Rep. at 4)

Additionally, Plaintiff has put forward sufficient evidence to establish the patty maker was defective when it left the manufacturer's control and the defect proximately caused Plaintiff's injury.

---

[5] In addition, a plaintiff may establish a defect by "negat[ing] other causes of the failure of the product for which the defendant would not be reasonably responsible, in order to make it reasonable to infer that a dangerous condition existed at the time the defendant had control [of the product]." Scanlon v. General Motors Corp., 65 N.J. 582, 593-94 (1974).

Accordingly, summary judgment on Plaintiff's defective manufacturing claim will not be granted.

**IV.**

For the reasons stated above, Defendant's motion for summary judgment will be granted in part and denied in part. An appropriate order accompanies this opinion.

Date: May _15_, 2014

_/s/ Joseph E. Irenas_____

Joseph E. Irenas, S.U.S.D.J.